| | |
|---|---|
| ANDREW HARLEY,<br>CDCR #T-42313,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>QUINDIAHJEN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 19cv1607-MMA (LL)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**[Doc. No. 2]**<br><br>**DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

　　　Plaintiff Andrew Harley, while incarcerated at California State Prison, Los Angeles County ("LAC"), and proceeding *pro se*, has filed a civil rights complaint ("Compl.,") pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1.

　　　Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc No. 2.

**I.     Motion to Proceed In Forma Pauperis**

In order to commence a civil action, Plaintiff must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if Plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because Plaintiff is a prisoner, even if he is granted leave to proceed IFP, he will remain obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a CDCR trust account official attesting to his account activity. *See* Doc. No. 2 at 6-7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows Plaintiff had average monthly deposits of $53.33, carried an average monthly balance of $48.50 over the 6-month period preceding the filing of his Complaint, and retained an available balance of $13.32 at the time of filing. *See* Doc. No. 2 at 6.

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses an initial partial filing fee of $10.66 pursuant to 28 U.S.C. § 1915(b)(1). The Court will direct the Secretary of the CDCR, or his designee, to collect this initial filing fee *only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

On July 26, 2018, Plaintiff was transported by bus from LAC to Richard J. Donovan Correctional Facility ("RJD") in San Diego. *See* Compl. at 8-9. As required by CDCR procedure, he was subjected to a strip search during the course of his transfer in order to ensure he was concealing no contraband, and afterward he "made multiple requests to sanitize [his] hands." *Id.* at 8. However, John Doe 1, the transport officer,

4

told him he would not be able to wash his hands or drink anything until after he arrived at RJD and was "placed in a cell." *Id.*

Plaintiff was place in a holding cage upon arrival at RJD, and again asked for drinking water and an opportunity to wash and "relieve [him]self." *Id.* at 9. The R&R officer told him to "just be qui[e]t[] and things would be a lot easier for [him]." *Id.*

After "waiting several hours in [the] holding cage," Plaintiff was "housed in cell FB-7-228 L," in the Administrative Segregation Unit ("Ad-Seg"), but the sink and toilet were not working. *Id.* He notified Officer John Doe 2 that he was "in need of water" and the facilities in his cell were inoperable. *Id.* Doe 2 allegedly "explained that this matter was out of his control," and warned Plaintiff that if he continued being "confrontational" he would "have a complicated stay at [RJD]." *Id.*

Plaintiff continued to "advise" all Ad-Seg officers, including Defendant Quindiahjen, during "every fifteen minute" health & safety check that his cell was not functional, and he needed water. *Id.* at 10. Quindiahjen stated he "should have thought about that before," and replied Plaintiff had "brought this upon [him]self." *Id.*

On July 27, 2018, the following morning, John Doe 3 asked if Plaintiff "wanted to attend yard." *Id.* Plaintiff "again asked to receive proper conditions of confinement," and then "went to the yard," where he "was finally allowed some water." *Id.* When he returned to his cell, Plaintiff continued to complain, and threatened to "go[] man down" unless he was transferred. *Id.* "Shortly after," he was moved to a "cell that was functional. *Id.*

Plaintiff later filed a CDCR 602 Inmate/Parolee Appeal, which he attaches as Exhibit A. *Id.* at 11, 14-23. He contends his appeal was decided "incorrect[ly]," and now seeks $900,000 in both compensatory and punitive damages against each Defendant for violating his Eighth Amendment rights. *Id.* at 8, 11.

D. <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

5

*Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

E. <u>Discussion</u>

"The Constitution 'does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Watson v. Walkley*, 120 F.3d 269 (9th Cir. 1997). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Under the objective requirement, the prisoner must allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. However, to the extent conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Thus, to violate the Eighth Amendment, the deprivation at issue must first be "sufficiently serious." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the subjective requirement, the prisoner must further allege facts to plausibly show each defendant he seeks to hold liable

acted with "deliberate indifference" to his health or safety. *Wilson*, 501 U.S. at 303; *Farmer*, 511 U.S. at 834.

Here, Plaintiff alleges he was not permitted to wash his hands immediately after he was strip searched during a prison transport from LAC to RJD on July 26, 2018, and that he was initially placed in an Ad-Seg cell at RJD with a malfunctioning sink and toilet. *See* Compl. at 8-9. He alleges to have asked Officer Quindiahjen, and the three identified correctional officers he names as Doe Defendants, if he could wash and be moved to a different cell due to his "serious need of water," *id.* at 10, but he was not able to drink until he was released to the yard the next morning, and was not moved to a "functional" cell until later that same day. *Id.* at 10; *see also* Ex. A at 23 (noting time lapse between cell moves was "approximately 21 hours."). He contends his inability to "maintain [his] person hygiene" and the lack of a functioning in-cell toilet during that time "unjustifiabl[y] inflicted pain and depriv[ed] [him] of basic human needs." *Id.* at 8, 11.

"The circumstances, nature, and duration of a deprivation of [minimal] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *as amended*, 75 F.3d 448 (9th Cir. 1995), and "[t]he more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982).

However, a temporary delay in allowing a prisoner to use a restroom or maintain his personal standards of hygiene falls short of a constitutional violation. *Johnson*, 217 F.3d at 733 (recognizing that "toilets can be unavailable for some period of time without violating the Eighth Amendment"); *Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) (determining denial of water and bathroom for two eight-hour periods on two days not rise to the level of cruel and unusual punishment); *Salinas v. Cty. of Kern*, No. 1:18-CV-00235-BAM PC, 2018 WL 5879703, at *4 (E.D. Cal. Nov. 7, 2018) ("[D]eni[al] [of] access to a restroom and water for approximately nine hours on a single day is

7

insufficient to state a claim upon which relief may be granted."); *Saenz v. Reeves*, No. 1:09-cv-00557-BAM PC, 2012 WL 4049975, at *14 (E.D. Cal. Sept. 13, 2012) (finding that denying prisoner access to a toilet and water for five and one half hours on one occasion and four and one half hours on a separate occasion, while in a holding cell, were not sufficient to rise to the level of a sufficiently serious deprivation to violate the Eighth Amendment); *Wilkins v. Ahern*, No. 3:08–cv–01084–MMC (PR), 2008 WL 4542413, at *6 (N.D. Cal. Oct. 6, 2008) (housing in cell with clogged toilet for six hours, without a mattress for twelve hours, and a filthy toilet for forty-eight hours does not rise to an Eighth Amendment violation).

Based on this precedent, the Court finds Plaintiff's claim of having been denied access to personal hygiene items, running water, and a functioning toilet in his cell for less than a day between his July 26, 2018 and July 27, 2018 transfer from LAC to RJD, is insufficient to state an Eighth Amendment claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Although Plaintiff may have experienced temporary discomfort as the result of his transfer, he does not allege that the lack of water or functioning toilet in the RJD's Ad Seg Cell FB-7-228 L was so severe or prolonged that it placed him at substantial risk of suffering serious harm. *See Farmer*, 511 U.S. at 834, *Anderson*, 45 F.3d at 1314; *cf. Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (finding allegations of serious health hazards in disciplinary segregation yard, including malfunctioning toilets, rusted sinks, stagnant pools of water infested with insects, and the lack of access to cold water in 100 degree heat over a period of nine months were sufficiently serious to state an Eighth Amendment claim).

### III. Conclusion and Orders

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $10.66 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.[2] *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard*

---

[2] Plaintiff is cautioned that while the Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

*Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: October 29, 2019

HON. MICHAEL M. ANELLO
United States District Judge