**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ANDREW HARLEY,
CDCR #T-42313,

                       Plaintiff,

vs.

QUINDIAHJEN, Correctional Officer, et al.,

                       Defendants.

Case No. 3:19-cv-01607-MMA-LL

**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT**

Plaintiff Andrew Harley, while incarcerated at California State Prison, Los Angeles County ("LAC"), and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") against Defendant Quindiahjen, a Correctional Officer employed at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, on August 26, 2019. *See* Compl., Doc. No. 1. Harley alleged Quindiahjen and several other unidentified RJD officers violated his Eighth Amendment rights by failing to permit him to wash his hands or use the restroom during and immediately after he was transported from LAC to RJD on July 26, 2018. *Id.* at 8–9. He sought $900,000 in compensatory and punitive damages. *Id.* at 8, 11.

1

## I. Procedural History

On October 29, 2019, the Court granted Harley's Motion to Proceed In Forma Pauperis ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Doc. No. 3. Harley was notified of his pleading deficiencies, and granted 45 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 6-10. Harley was also warned his failure to amend would result in the dismissal of his case. *Id.* at 13 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Harley's Amended Complaint was due on or before December 13, 2019, and more than two full months have passed since the Court issued its October 29, 2019 Order.[1] But to date, Harley has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Harley's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute as required by Court's October 29, 2019 Order requiring amendment. *See also* S.D. Cal. CivLR 83.11.b. ("If mail directed to a pro se plaintiff by the clerk at the

---

[1] In fact, the Court's October 29, 2019 Order was returned undeliverable by the U.S. Post Office on November 11, 2019, with a notation that Harley has been discharged. *See* Doc. No. 4. He has filed nothing since. The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address." *See* S.D. Cal. CivLR 83.11.b.

plaintiff's last designated address is returned by the Post Office," the court may dismiss the case after 60 days without prejudice for failure to prosecute.)

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: January 14, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge